IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL B. MOSLEY.,

   Plaintiff,

        v.

OFFICER GOTT, OFFICER STRONG,
OFFICER MOYER,

   Defendant.

Case No. 23-cv-619-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on case management purposes as well as Plaintiff Michael B. Mosley's ("Plaintiff" or "Mosley") pending motion for leave to proceed *in forma pauperis*. (Doc. 4). Plaintiff alleges various civil rights violations including the Fourth Amendment, Sixth Amendment, and Eight Amendment. Additionally, he alleges negligence, and defamation of character for racial profiling and racial discrimination.

    An action filed by a non-prisoner who seeks leave to proceed *in forma pauperis* ("IFP") is screened pursuant to 28 U.S.C. § 1915(e)(2). Notwithstanding any filing fee that has been paid, § 1915(e)(2) compels the Court to dismiss a case that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). *See also Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

    To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived her of a right secured by the Constitution or the laws of the United States and that whoever deprived her of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824,

1

827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

Plaintiff, *pro se*, filed a complaint. (Doc. 2). In Plaintiff's complaint, Mosley alleges that on March 4, 2022, on Highway 57 near Williamson County, the officer defendants were conducting a traffic stop. As Mosley drove by, he realized he knew the occupants of the vehicle being pulled over and he stopped with the intent to retrieve the vehicle so it would not get towed. (Doc. 2 at 4-5). Then "Lateshia," a passenger of the vehicle, got out of the vehicle to ask one of the defendants if she could retrieve her sister (driver) car. Then, defendants noticed Mosley and immediately demanded him to get out of their car with guns drawn, "and a air sniff my dog [sic]." Then defendants "deliberately removed Plaintiff from the vehicle…" *Id*. at 6. Plaintiff then states that defendants found a "Smith and Wasson MP45" gun during their "illegal search." *Id*. Now, Plaintiff faces criminal charges over the incident. *Id*.

The Fourth Amendment states it is "the right of the people to be secure in their person, houses, papers, and effects against unreasonable searches and seizures[.]" U.S. Const. Am. IV. To determine whether a cause of action has been stated, courts determine whether the alleged conduct constituted a search or seizure, and if so, whether it was unreasonable in light of the facts. A person has been "seized" for purposes of the Fourth Amendment if "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Gentry v. Sevier*, 597 F.3d 838, (7th Cir. 2010). First, the Court evaluates whether Plaintiff states a claim under the Fourth Amendment. Fourth Amendment claims of excessive force are analyzed under the "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (U.S. 1989). Under this standard, a plaintiff must allege that officers acted

unreasonably in light of the facts and circumstances of the situation they faced, without regard to their underlying motives or subjective intent toward the suspect. *Id*. at 397, 109 S.Ct. 1865. The Fourth Amendment focuses on objective reasonableness and a defendant's subjective mind is irrelevant to a Court's Fourth Amendment analysis. *Henry v. Hulett*, 969 F.3d 769, 781 (7th Cir. 2020). Here, Plaintiff fails to state a plausible claim. Plaintiff inadequately alleges enough facts to indicate the police defendants violated Plaintiff's Fourth Amendment. Plaintiff does not adequately provide enough facts that the police used excessive force, that police acted unreasonably, or whether the seizure of a gun was illegal as a result of an unjustified stop. Additionally, Plaintiff does not allege which defendant was responsible for any of the alleged illegal searches. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (Individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation).

Next, the Court evaluates whether Plaintiff has stated a claim under the Sixth Amendment. Here, the Sixth Amendment attaches only after formal adversarial criminal proceedings begin. "[T]o argue that the Sixth amendment applies to civil actions is frivolous." *Chen v. Yellen*, No. 3:20-CV-50458, 2022 WL 2818709, at *4 (N.D. Ill. July 19, 2022); *Miller v. Ninkovic*, 715 F. App'x 561, 562 (7th Cir. 2018). The Court finds that Plaintiff has not stated a claim under the Sixth Amendment.

Next, the Court evaluates whether Plaintiff whether Plaintiff alleges a claim under the Eighth Amendment. The Eighth Amendment's prohibition against cruel and unusual punishment, which embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency," prohibits punishments which are incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quotation marks omitted). The Eighth Amendment only applies to convicted

persons. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *See Estate of Cole v. Fromm*, 94 F.3d 254, 259 n. 1 (7th Cir. 1996). Plaintiff was not a convicted prisoner when the underlying events allegedly occurred.

Next, Plaintiff makes some allegations surrounding negligence and defamation of character. These claims are state law claims. Because the federal claims must be dismissed, the court will also dismiss this state law claim without prejudice. *See Doe–2 v. McLean County Unit Dist. No. 5 Bd. of Dirs*., 593 F.3d 507, 513 (7th Cir.2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c).").

The Court hereby **GRANTS** Plaintiff's Motion for IFP (Doc. 4) as he has shown that he is indigent. The Court **DISMISSES** without prejudice Plaintiff's Complaint based on the deficiencies listed above. The Court provides Plaintiff leave to refile an amended complaint, which is due on or before May 18, 2023. If Plaintiff does not file an amended complaint by May 18, 2023, the Court will enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  April 19, 2023**

                                                                                        **/s/  J. Phil Gilbert**
                                                                                        **J. PHIL GILBERT**
                                                                                        **U.S. DISTRICT JUDGE**