IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL B. MOSLEY.,

   Plaintiff,

      v.

OFFICER GOTT, OFFICER STRONG,
OFFICER MOYER,

   Defendant.

Case No. 23-cv-619-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on case management purposes and a screening of Plaintiff Michael B. Mosley's ("Plaintiff" or "Mosley") Amended Complaint. This Court previously granted Plaintiff's motion for leave to proceed *in forma pauperis*. Because the Court granted IFP, the Court screened Plaintiff's complaint and found it failed to state a claim for relief under any of the bases alleged by Plaintiff. An action filed by a non-prisoner who seeks leave to proceed *in forma pauperis* ("IFP") is screened pursuant to 28 U.S.C. § 1915(e)(2). The Court dismissed Plaintiff's complaint and granted Plaintiff leave to file an amended complaint. Plaintiff has done so (Doc. 8). The Court now screens Plaintiff's Amended Complaint.

    An action filed by a non-prisoner who seeks leave to proceed *in forma pauperis* ("IFP") is screened pursuant to 28 U.S.C. § 1915(e)(2). Notwithstanding any filing fee that has been paid, § 1915(e)(2) compels the Court to dismiss a case that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). *See also Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013). The Court accepts the factual allegations as true, liberally

construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

In Plaintiff's Amended Complaint, Mosley alleges that on March 4, 2022, on Highway 57 near Williamson County, near Marion, IL "Defendant Officers" were conducting a traffic stop. (Doc. 8 at 1). Mosley and the rest of his party were coming back to St. Louis, MO from Panama Beach, FL. *Id*. at 2. Gregory Hampton was the driver of the vehicle, and the passenger was Vanessia Carr. Mosley was the driver of a second vehicle, with Lateshia Dotson a passenger in the second vehicle. The second vehicle was "trailing the traffic stop party" as the officers made their traffic stop. Mosley got off at the next exit for safety. *Id*. After a few attempts, Lateshia Dotson reached Vanessia Carr, who stated they were "about to get arrested" and she asked, "can you come and get my car before they tow it." *Id*. Vanessia Carr was issued a citation and arrested for a registered firearm and possession of marijuana. Gregory Hampton was arrested and $23,000 was seized.

Mosley indicates that he and Dotson drove to the officers' traffic stop and parked 200-300 feet away from the stop with hazard lights on with the intent to retrieve the vehicle that was attempting to being towed. Once Dotson exited her vehicle "in a [sic] peace manner with her hand [sic] rised slightly high," the officers ordered her to return to the vehicle Mosley was in. *Id*. at 3. The officers came to Mosley's car with "car sniffing dog." *Id*. Officers ordered Mosley and Dotson out of the vehicle. Mosley remained seated with his hands on the wheel "exercising his constitutional rights." Officers stated the dog "got a hit of narcotics" from Mosley's vehicle. *Id*. at 4. Mosley replies that "I have my 4th amendment right I don't consent to any search of seizure."

*Id*. Mosley claims the officers became more aggressive, grabbing Mosley by his arm. Mosley states that he was "only getting out because I fear for my life but I do not consent to any searches or seizure." Mosley states that he was then deliberately removed from the vehicle and detained "while defendant officer conduct their illegal search." *Id.* at 5.

The officers found no narcotics in Mosley's vehicle, but they found a "Smith & Wesson Military Police" handgun in the trunk. *Id*. Mosley was cuffed and sent to Marion, IL Police Department where he was interrogated. Mosley states he "remained to exercise his constitutional rights" and was then transferred to Williamson County Jail and released the next morning. Mosley alleges the officers violated his Fourth Amendment rights because they had no search warrant, no reasonable suspicion, and no probable cause to conduct their illegal search. *Id*. Additionally, Mosley alleges that this was a "racial profiling event" because the driver and passengers of the two cars were African American and the police officers were white. Mosley indicates he is traumatized by the event, and the false information displayed on the police department's Facebook page "would be considered defamation." *Id*. at 6. Plaintiff is requesting $950,000 million dollars for a violation of his Fourth Amendment rights, "possible defamation," and racial profiling. *Id*. at 6.

The Court first deals with Mosley's claim for an "illegal search." Mosley is incorrect that just because officers had no search warrant, they had no probable cause to conduct the search of his vehicle. A dog's alert establishes probable cause to search the vehicle's glove compartment and containers. *See U.S. v. Franklin*, 547 F.3d 726, 735 (7th Cir. 2008) (citing *U.S. v. Ledford*, 218 F.3d 684, 688 (7th Cir. 2000)); *See United States v. Simon*, 397 F.3d 820, 833 (7th Cir. 2019) ("A dog's alert on a car can give probable cause to search the entire car. Indeed, a good dog's alert can provide a rebuttable presumption of probable cause.") (citing *Illinois v. Caballes*, 543 U.S. 405, 410 (2005)). A "dog sniff" of a vehicle for drugs, during a lawful traffic stop, comports with the

Fourth Amendment even absent a reasonable suspicion of drugs. *See United States v. Simon*, 397 F.3d 820, 831-32 (7th Cir. 2019). Here, giving Mosley all reasonable inferences and taking all his allegations of true, show that the search was reasonable. Here, officers used a "dog sniff" which "alerted" to narcotics. Pursuant to case law in the Seventh Circuit, officers had probable cause to search the car.

Fourth Amendment claims of excessive force are analyzed under the "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (U.S. 1989). Under this standard, a plaintiff must allege that officers acted unreasonably in light of the facts and circumstances of the situation they faced, without regard to their underlying motives or subjective intent toward the suspect. *Id*. at 397, 109 S.Ct. 1865. Inherent in this analysis is the assumption that "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id*. at 396, 109 S.Ct. 1865. Yet, "[t]he nature and extent of the force that may reasonably be used to effectuate an arrest depends on the specific circumstances of the arrest." *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 861 (7th Cir. 2010).

Based on Mosley's allegations, he did not heed the instructions of the officers who told him to exit his vehicle. While he states he was "exercising his constitutional rights," officers had probable cause based on the dog sniff alert, to conduct a search of the vehicle. The only physical force Mosley alleges is when he did not exit the vehicle and officers "grabbed" his arm. Here, *some* degree of physical force is allowed in an arrest and investigatory stop. Based on Mosley's allegations, the officer's actions were reasonable to effectuate an arrest after Mosley failed to exit his vehicle. Without more facts and allegations that the officers' actions were unreasonable based on the facts Mosley alleged, Mosley fails to state a claim based on excessive force. *Sow v. Fortville*

*Police Dep't*, 636 F.3d 293, 304 (7th Cir. 2011) (Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' " violates the Fourth Amendment.).

"Racial profiling, or selective enforcement of the law, is a violation of the Equal Protection Clause." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 303 (7th Cir. 2011). To state a claim for an equal protection violation, a plaintiff must allege that the challenged actions had a discriminatory effect and were motivated by a discriminatory purpose. *Chavez v. Illinois State Police*, 251 F.3d 612, 620 (7th Cir. 2001). To show discriminatory effect, plaintiffs must show "that they are members of a protected class, that they are otherwise similarly situated to members of the unprotected class, and that [they] were treated differently from members of the unprotected class." *Id*. at 635 (citing *Greer v. Amesqua*, 212 F.3d 358, 370 (7th Cir.), cert. denied, 531 U.S. 1012 (2000)). Mosley alleges no facts that show discriminatory effect. While Mosley alleges he is party of a protected class, he does not adequately allege that he was treated differently from members of an unprotected class. *Wal–Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2556 (2011) (rejecting proffered anecdotal accounts of discrimination as insufficient to raise an inference that other decisions were discriminatory).

Lastly, the Court evaluates Mosley's claim for "possible defamation." This claim is a state law claims. Because the federal claims must be dismissed, the court will also dismiss this state law claim without prejudice. *See Doe–2 v. McLean County Unit Dist. No. 5 Bd. of Dirs*., 593 F.3d 507, 513 (7th Cir.2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c).").

Because Mosley does not allege a Fourth Amendment claim, a claim for racial profiling, or defamation, which are the claims he alleges in his Amended Complaint, the Court will dismiss his Amended Complaint and enter judgment accordingly.

The Court **DISMISSES** without prejudice Plaintiff's Amended Complaint and **DIRECTS** the Clerk of the Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  June 15, 2023**

                                              **/s/  J. Phil Gilbert**
                                              **J. PHIL GILBERT**
                                              **U.S. DISTRICT JUDGE**